UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephanie Lunde,

        Plaintiff,

Civil No. 18-cv-0238 (JNE/HB)

v.

**JOINT RULE 26(f) REPORT**

The Cincinnati Insurance Company,

        Defendant.

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on March 27, 2018, and prepared the following report.

The pretrial conference in this matter is scheduled for April 6, 2018 at 1:30pm before United States Magistrate Judge Hildy Bowbeer in Courtroom 613, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

**DESCRIPTION OF CASE**

    1.    Concise Factual Summary of Plaintiff's Claims;

Plaintiff Stephanie Lunde ("Lunde") is entitled to director and officer liability coverage under an insurance policy (the "Policy") issued by Defendant The Cincinnati Insurance Company ("Cincinnati"). Specifically, Lunde is entitled to coverage with regards to federal criminal conspiracy and bank fraud charges leveled against her, but which were subsequently dismissed. Lunde tendered the defense of those charges to Cincinnati, which denied she was covered by the Policy, refused to take on her defense, and refused to reimburse her the expenses she incurred successfully defending herself again those charges.

Lunde alleges three claims against Cincinnati. In Count I, she requests declaratory judgment that Cincinnati is obligated to pay her defense costs. In Count II, Lunde alleges Cincinnati breached the Policy by refusing to take on her defense and refusing to reimburse her the defense costs she incurred as result. In Count III, Lunde alleges Cincinnati breached the duties of good faith and fair dealing by denying her coverage on grounds

unsupported by the plain language of the Policy and misleading her as to the scope and effect of a settlement agreement Cincinnati claimed released it from covering Lunde.

2. Concise Factual Summary of Defendant's claims/defenses:

Lunde requested coverage and defense under the Cincinnati Policy issued to Marshall BankFirst Corporation of Minneapolis, Minnesota for a Criminal Indictment that was brought against her on December 21, 2016 for conspiracy and bank fraud in violation of Title 18 USC §§2, 1344, 1349. Cincinnati had no obligation under the Policy to defend or indemnify the Criminal Indictment and Cincinnati has no obligation under the Policy to reimburse the attorneys' fees and costs incurred by Lunde defending the Criminal Indictment. The Policy applies only to "claims" first made against an "insured" during the April 6, 2008 to April 6, 2009 policy period or "claims" first made against an "insured" and reported to Cincinnati during the April 6, 2009 to April 6, 2010 Supplemental Extended Reporting Period. The December 21, 2016 Criminal Indictment was first made against Lunde and reported to Cincinnati years after these time periods expired. Even if the Criminal Indictment is found to have been first made and reported within the time periods set forth in the Policy (which Cincinnati disputes), no coverage and defense is afforded under the Policy for the Criminal Indictment. In addition, Cincinnati was released from its Policy obligations pursuant to a Settlement and Release Agreement with respect to the FDIC's March 26, 2010 demand letter. Cincinnati's coverage denial is supported by the Policy wording, facts, and law. The coverage correspondence sent to Lunde's attorney did not mislead Lunde.

Cincinnati has moved to dismiss Count II and Count III of Lunde's Complaint, which fail to state claims upon which the consequential damages and extra-contractual relief sought in those counts may be granted.

Cincinnati denies that Lunde has stated any claim for which relief may be granted, denies that Lunde is entitled to any judgment whatsoever, and maintains that her Complaint should be dismissed with prejudice.

3. Statement of Jurisdiction (including statutory citations);

Lunde currently is a citizen of Minnesota. Cincinnati is incorporated in Ohio, with its principal place of business in Fairfield, Ohio. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Lunde and Cincinnati and the amount in controversy exceeds $75,000.

4. Summary of Factual Stipulations or Agreements;

None.

5. Statement of whether jury trial has been timely demanded by any party;

A jury trial has been timely demanded.

6. Statement of whether all process has been served;

All process has been served.

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

Not applicable; this case involves coverage under Cincinnati's Policy.

8. If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

The parties have not so agreed.

## **CLASS CERTIFICATION MOTION (*if applicable*)**

There are no class action issues relevant to this case.

## **DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan, and refers the parties to the Sedona Conference Cooperation Proclamation (2008) (copy attached).

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular

item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

**FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before April 13, 2018. If the parties plan to disclose documents by describing them by category and location, they will exchange copies of the documents themselves on or before April 27, 2018.

2. Fact discovery procedures shall be commenced in time to be completed on or before October 1, 2018.

    The parties conferred with regard to whether an interim date for substantial completion of document production should be set and agreed no such date is required.

3. The parties do not believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

    a) No more than a total of 50 interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

    b) No more than 50 document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B) as amended effective December 1, 2015.

    c) No more than 50 requests for admissions shall be served by each side.

5. No more than one (1) Rule 35 Medical Examinations shall be taken by Defendant and completed by February 1, 2019.

6. No more than eight (8) depositions, excluding expert witness depositions, shall be taken by each side.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of

depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions: the parties will follow the guidelines and requirements of the relevant Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota.

8. The parties have agreed upon the following additional limitations on discovery procedures: none.

9. Other discovery issues.

   a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:

   The parties agree that they have taken the necessary and reasonable steps to preserve documentation that is potentially relevant to this case. They further agree that they will take whatever steps are necessary to continue such preservation in the future, until this matter is fully resolved.

   The parties agree to produce all documents in a searchable PDF format and as the documents are maintained in the ordinary course of business. Each document will be appropriately Bates stamped. The parties agree to meet and confer should either decide to request a particular document(s) in another format (e.g., a "native" non-PDF format). The parties similarly agree to meet and confer should either decide to request the metadata associated with a particular document(s).

   *NOTE*: If it appears there will be significant electronic discovery, the parties should agree upon and attach to this Report an Electronically Stored Information ("ESI") Protocol, identifying any differences in position between the parties that should be addressed at the Pretrial Conference. The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and

5

        parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section.

        Pursuant to the parties' general agreement regarding the production of ESI, as stated above, they further agree that a more specific ESI agreement is not necessary at this time. The parties agree to meet and confer should either party feel that a more specific ESI stipulation/agreement is necessary.

    b)    Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and do request the Court to include the following agreement in the scheduling order:

> The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

## **EXPERT DISCOVERY**

The parties anticipate that they will require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Each side may call up to two (2) expert witnesses. Each party may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities by Plaintiff on or before November 1, 2018. Disclosures by Plaintiff on or before November 1, 2018.

    b)    Identities by Defendant on or before November 1, 2018. Disclosures by Defendant on or before November 1, 2018.

    c)    Rebuttal identities and disclosures on or before December 15, 2018.

The parties agree that given the issues in this case, it would not be more meaningful to identify deadlines for the disclosing party by who bears the burden of proof on an issue, rather than by plaintiff or defendant.

3. Expert discovery, including depositions, shall be completed by February 1, 2019.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before June 1, 2018.

2. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before October 15, 2018.

3. The parties do not propose that a party be required to request an informal conference with the Court *before* filing any formal discovery motion.

4. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before October 15, 2018.

5. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before February 15, 2019.

## PROTECTIVE ORDER

The parties shall separately submit a Stipulation for Protective Order and respectfully request that the Court issue a protective order in accordance with that Stipulation.

## DISPOSITIVE MOTION DEADLINES

The parties do believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served on or before February 6, 2019. The parties shall comply with Judge Ericksen's procedures with respect to scheduling the dispositive motion(s) for hearing.

**SETTLEMENT**

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

    The results of that discussion, including any proposals or recommendations, are as follows:

    As part of their Rule 26(f) conference, the parties discussed the possibility of settlement. Plaintiff will provide Defendant with a written demand no later than March 30, 2018. Defendant will provide Plaintiff with a response to that demand before the April 6, 2018 pretrial conference scheduled before the Court.

    On January 16, 2018, the parties engaged in mediation in an attempt to resolve their dispute. This mediation was unsuccessful.

**TRIAL**

1. Trial by Magistrate Judge:

    The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

2. The parties agree that this case will be ready for trial on within 30 days of the Court ruling on dipositive motions. The anticipated length of the jury trial is five (5) days.

Respectfully submitted,

Date: March 29, 2018                  /s/ Richard D. Snyder
                                                Richard D. Snyder (# 191292)
                                                Joseph T. Dixon III (# 283903)
                                                Alexander D. Chiquoine (# 396420)
                                                **FREDRIKSON & BYRON, P.A.**
                                                200 South Sixth Street, Suite 4000
                                                Minneapolis, MN 55402-1425
                                                Telephone:   612.492.7000
                                                Facsimile:   612.492.7077
                                                rsnyder@fredlaw.com
                                                jdixon@fredlaw.com
                                                achiquoine@fredlaw.com

                                                ***Attorneys for Plaintiff Stephanie Lunde***


                                                /s/ Nancy K. Tordai
                                                Nancy K. Tordai (IL #6182953 – *admitted pro hac vice*)
                                                **PETERS & NYE LLP**
                                                14 Executive Court, Suite 2
                                                South Barrington, IL 60010
                                                Telephone: (847) 423-0353
                                                Email: nancytordai@petersnye.com

                                                Thomas A. Harder, Esq. (#158987)
                                                **Foley & Mansfield, PLLP**
                                                250 Marquette Avenue
                                                Suite 1200
                                                Minneapolis, MN 55401
                                                Telephone: (612) 338-8788
                                                Email: tharder@foleymansfield.com

                                                ***Attorneys for Defendant the Cincinnati Insurance Company***

63676541.2